1  FRANK N. DARRAS #128904, Frank@DarrasLaw.com
   SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
2  PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

3  **D DarrasLaw**

4  3257 East Guasti Road, Suite 300
5  Ontario, California 91761-1227
   Telephone:   (909) 390-3770
6  Facsimile:   (909) 974-2121

7  Attorneys for Plaintiff
   MARIA DASILVA
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11  MARIA DASILVA,                          Case No:

12              Plaintiff,                  COMPLAINT FOR BENEFITS UNDER
                                            AN EMPLOYEE WELFARE BENEFIT
13         vs.                              PLAN

14
    LIFE INSURANCE COMPANY OF
15  NORTH AMERICA,
16
17              Defendant.

18

19  Plaintiff alleges as follows:

20         1.    This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337

21  and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security

22  Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by

23  Plaintiff for Disability benefits under an employee benefit plan regulated and governed

24  under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C.

25  § 1331 as this action involves a federal question.

26         2.    The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of

27  the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

28  Those avenues of appeal have been exhausted.

3.     Plaintiff is informed and believes and thereon alleges that the VEBA, Inc. Group Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by VEBA, Inc. to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, MARIA DASILVA ("Plaintiff" and/or Ms. DASILVA"), with income protection in the event of a disability and is the Plan Administrator.

4.     Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5.     Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant LINA, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district.  Since on or about November 1, 1956, LINA has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6.     At all relevant times Plaintiff was a resident and citizen of the United States, an employee of VEBA, Inc., its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7.     Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number LK-960635 that had been issued by Defendant LINA to VEBA, Inc. to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

8.     The subject Policy promised to pay Plaintiff monthly long term disability benefits for a specified period of time should she become disabled. Therefore, LINA both funds and decides whether claimants will receive benefits under the Plan and as such suffers from a structural conflict which requires additional skepticism.

1    9.    Based upon information and belief, Plaintiff alleges that, according to the

2  terms of the Plan, if Plaintiff became disabled, LINA promised to pay long term disability

3  benefits to Plaintiff as follows:

4    • Elimination Period: 180 days

5    • Gross Disability Benefit: The lesser of 66.67% of an Employee's monthly

6      Covered Earnings rounded to the nearest dollar or the Maximum Disability

7      Benefit.

8    • Maximum Disability Benefit: $10,000 per month.

9    • Minimum Disability Benefit: The greater of $100 or 10% of an Employee's

10     Monthly Benefit prior to any reductions for Other Income Benefits.

11   • Maximum Benefit Period: The Employee's 65th birthday or the date the

12     42nd Monthly Benefit is payable, if later.

13   • Definition of Disability/Disabled:

14     o The Employee Disabled if, solely because of Injury or Sickness, he

15       or she is:

16       ▪ 1. unable to perform the material duties of his or her Regular

17         Occupation; and

18       ▪ 2. unable to earn 80% or more of his or her Indexed

19         Earnings from working in his or her Regular Occupation.

20     o After Disability Benefits have been payable for 24 months, the

21       Employee is considered Disabled if, solely due to Injury or

22       Sickness, he or she is:

23       ▪ 1. Unable to perform the material duties of any occupation

24         for which he or she is, or may reasonably become, qualified

25         based on education, training or experience; and

26       ▪ 2. Unable to earn 60% or more of his or her Indexed

27         Earnings.

28    10.    Prior to her disability under the terms of the Plan, on or about September

1    11, 2013, Plaintiff, who had been employed with VEBA, Inc., was working as a

2    Housekeeper.

3         11.   However, Plaintiff became disabled under the terms of the Plan and timely

4    submitted a claim to LINA for payment of disability benefits.

5         12.   LINA initially approved and paid Plaintiff's LTD benefits.

6         13.   However, on or about August 19, 2015, LINA unreasonably and unlawfully

7    denied her long term disability claim.  And, on or about July 8, 2016 and June 16, 2017,

8    LINA unreasonably and unlawfully upheld its denial of the disability claim.

9         14.   According to LINA's denial letters:

10        • **August 19, 2015**: "After completing our review of your claim, we

11        are unable to continue paying benefits beyond March 11,

12        2016…You have the right to bring a legal action for benefits under

13        the Employee Retirement Income Security Act of 1974 (ERISA)

14        section 502(a) following an adverse benefit determination on

15        appeal."

16        • **June 16, 2017**: "After completing our review of Ms. Dasilva's claim,

17        we are unable to continue paying benefits beyond January (sic) 10,

18        2016…At this point in time you have exhausted all administrative

19        levels of appeal and no further appeals will be considered…Please

20        note that you have the right to bring a legal action for benefits under

21        the Employee Retirement Income Security Act of 1974 (ERISA)

22        section 502(a)…"

23        15.   In so doing, LINA unreasonably and unlawfully failed to timely identify the

24   medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians

25   who were financially biased and/or not qualified to refute the findings of Plaintiff's board

26   certified physicians; relied strictly upon physical requirements of occupations instead of

27   taking into consideration the non-exertional requirements of Plaintiff's own, or any,

28   occupation; and misrepresented the terms of the Policy.

DarrasLaw

16.     Additionally, LINA knew, or should have known, that the documentation submitted to and/or obtained by LINA clearly substantiated Plaintiff's disability, including, but not limited to, the following:

- 10/10/2013 Lumbar MRI:
  - o  L1-2: Moderate diffuse disc bulge slightly eccentric to the left. Mild canal narrowing. Moderate left and mild right neural foraminal narrowing.
  - o  L4-5: Moderate diffuse disc bulge and moderate bilateral facet hypertrophy.
  - o  L5-51: Mild diffuse disc bulge. Mild bilateral neural foraminal narrowing. Mild-to-moderate bilateral facet degenerative changes.
- 12/10/2013 EMG:
  - o  The pattern of neurophysiologic findings is consistent with bilateral lumbosacral polyradiculopathies
- 06/03/2014 Physical Abilities Assessment from Ms. DaSilva's Treating Physician:
  - o  Sitting: Occasionally (Supported by clinical findings)
  - o  Standing: Occasionally (Supported by clinical findings)
  - o  Walking: Occasionally (Supported by clinical findings)
  - o  Reaching @ desk level or below waist: Occasionally (Supported by clinical findings)
  - o  Fine Manipulation: Occasionally (Supported by clinical findings)
  - o  Simple Grasp: Occasionally (Supported by clinical findings)
  - o  Firm Grasp: Occasionally (Supported by clinical findings
- 07/19/2014 Social Security Award Letter:
  - o  We found that you became disabled under our rules on September 9, 2013.
- 12/17/2015 Letter from Plaintiff's Treating Physician:

1    o   I am writing at the request of and regarding the above named
2        patient.
3    o   She is disabled due to her combination of medical contitions (sic).
4        The conditions seem to be getting worse.
5    •   02/03/2017 Questionnaire Completed by Plaintiff's Treating Physician:
6    o   The medical records indicate that Ms. DaSilva has difficulty sitting
7        for prolonged periods of time.  Do you agree that Ms. DaSilva's
8        medical conditions render her unable to sit for prolonged periods of
9        time?
10       ▪  Yes
11   o   The records also indicate that Ms. DaSilva has difficulty standing
12       and/or walking for prolonged periods of time.  Do you agree that
13       Ms. DaSilva's medical conditions render her unable to stand and/or
14       walk for prolonged periods of time?
15       ▪  Yes.
16   o   It was previously opined that due to the severity of her medical
17       conditions, Ms. DaSilva could not perform repetitive hand
18       movements, finger or type for prolonged periods of time. Do you
19       also opine that Ms. DaSilva cannot perform repetitive hand
20       movements such as reaching, handling, fingering and/or typing?
21       ▪  Yes
22   17.   To date, even though Plaintiff has been disabled, LINA has not paid
23   Plaintiff any disability benefits under the Policy since on or about March 10, 2016. The
24   unlawful nature of LINA's denial decision is evidenced by, but not limited to, the
25   following:
26   •   LINA engaged in procedural violations of its statutory obligations under
27       ERISA, including, but not limited to, failing to promptly identify the
28       medical consultants who reviewed her file; failing to timely advise

1          Plaintiff of what specific documentation it needed from her to perfect her

2          claim; and, failing to provide a complete copy of all documents, records,

3          and other information relevant to her claim despite a request by Plaintiff

4          in violation of 29 C.F.R. Section 2560.530-1(h)(2)(iii);

5      •   LINA ignored the obvious, combed the record and took selective

6          evidence out of context as a pretext to deny Plaintiff's claim; and,

7      •   LINA ignored the opinions of Plaintiff's board certified treating

8          physicians and/or misrepresented the opinions of Plaintiff's treating

9          physicians.  Deference should be given to the treating physician's

10         opinions as there are no specific, legitimate reasons for rejecting the

11         treating physicians' opinions which are based on substantial evidence

12         in the claim file.  Further, LINA's highly conflicted physician's opinion

13         does not serve as substantial evidence, as it is not supported by

14         evidence in the claim file, was not issued by a physician with the same

15         level of medical expertise as the board certified treating physicians, nor

16         is it consistent with the overall evidence in the claim file.

17     18.   For all the reasons set forth above, the decision to deny disability

18  insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the

19  evidence, contrary to the terms of the Plan and contrary to law. Further, LINA's denial

20  decision and actions heighten the level of skepticism with which a court views a

21  conflicted administrator's decision under *Abatie v. Alta Health & Life Insurance Co.*, 458

22  F.3d 955 (9th Cir. 2006) and *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342

23  (2008).

24     19.   Additionally, ERISA imposes higher-than-marketplace quality standards

25  on insurers. It sets forth a special standard of care upon a plan administrator, namely,

26  that the administrator "discharge [its] duties" in respect to discretionary claims

27  processing "solely in the interests of the participants and beneficiaries" of the plan, §

28  1104(a)(1); it simultaneously underscores the particular importance of accurate claims

1  processing by insisting that administrators "provide a 'full and fair review' of claim

2  denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements

3  marketplace and regulatory controls with judicial review of individual claim denials, see

4  § 1132(a)(1)(B).

5      20.    As a direct and proximate result of LINA's failure to provide Plaintiff with

6  disability benefits, Plaintiff has been deprived of said disability benefits beginning on or

7  about March 11, 2016 to the present date.

8      21.    As a further direct and proximate result of the denial of benefits, Plaintiff

9  has incurred attorney fees to pursue this action, and is entitled to have such fees paid

10  by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

11      22.    A controversy now exists between the parties as to whether Plaintiff is

12  disabled as defined in the Plan.  Plaintiff seeks the declaration of this Court that she

13  meets the Plan definition of disability and consequently she is entitled to all benefits

14  from the Plan to which she might be entitled while receiving disability benefits, with

15  reimbursement of all expenses and premiums paid for such benefits from the

16  termination of benefits to the present.  In the alternative, Plaintiff seeks a remand for a

17  determination of Plaintiff's claim consistent with the terms of the Plan.

18      WHEREFORE, Plaintiff prays for relief against Defendants as follows:

19      1.    An award of benefits in the amount not paid Plaintiff beginning on or about

20  March 11, 2016, together with interest at the legal rate on each monthly payment from

21  the date it became due until the date it is paid; plus all other benefits from the Plan to

22  which she might be entitled while receiving disability benefits, with reimbursement of all

23  expenses and premiums paid for such benefits or, in the alternative, a remand for a

24  determination of Plaintiff's claim consistent with the terms of the Plan;

25      2.    An order determining Plaintiff is entitled to future disability

26  payments/benefits so long as she remains disabled as defined in the Plan;

27      / / /

28      / / /

COMPLAINT

1       3.    For reasonable attorney fees incurred in this action; and,

2       4.    For such other and further relief as the Court deems just and proper.

3

4   Dated:  July 12, 2017             DarrasLaw

5

6

7                       PHILLIP S. BATHER
                          Attorneys for Plaintiff

8                       MARIA DASILVA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

COMPLAINT